O’NIELL, J.
The defendants, the police jury, the tax assessor, and the tax collector of the parish of Sabine, appeal from a judgment annulling the proceedings of the police jury, proposing'to levy a special tax of 8 y2 mills for 30 years and to issue negotiable bonds to the amount of $70,000.
The district judge assigned three reasons for declaring the proposed tax and bond issue illegal, in his written opinion, viz.:
“(a) Because two separate propositions were submitted to the voters at one and the same time, and they were not given an opportunity by the ballot to vote on each proposition separately; (b) 'because the 8% mills voted' is in excess of the constitutional limit, in ease of special taxes, to 5 mills for 5 years, and the whole proceeding in connection, with said attempted bond issue must fall together, the two propositions not having been separated; and (c) because the governing authority for said road district could not be restricted to 8^ mills for 30 years, by a vote of the people, in making its levy to pay the interest and retire the principal of said bond issue.”
[1] The'second reason, (b)} assigned by the district court, for declaring the proceedings invalid, is not, in our opinion, a good reason for the decree. What the district .judge held was that the limitation of 10 mills of special taxes for works of public improvement (including roads and bridges), as fixed by article 281 of the Constitution (as amended in 1910), was superseded, as to taxes levied for roads and bridges, by the limitation of only 5 mills, as fixed by article 291 of the Constitution (as amended in 1912). This court decided, in Sheridan v. Police Jury of Washington Parish, 145 La. 403, 82 South. 386, overruling all previous expressions to the contrary, that the tax limit of 10 mills, allowed by article 281 of the Constitution (as amended in 1910), was not superseded by the limit of 5 mills for 5 years, as allowed by article 291 of the. Constitution (as amended in 1912); and that the limit of 5 mills for 5 years, for road and bridge purposes, was in addition to the limit of 10 mills allowed for public improvements generally, including roads and bridges.
The two other reasons .assigned for the district court’s decree may be considered together; that is: (a) That two propositions were submitted together, and the ballot was not so arranged as to allow a voter to vote on each proposition separately; and (c) that by the terms of the ballot the voters, undertook to restrict the police jury to the levying of a fixed tax, not more nor less than 8% mills, for 30 years; whereas the Constitution requires that the police jury shall be free to levy, and must in fact levy, each year, a tax sufficient, and only sufficient, to pay the principal and interest falling due each year.
The ballots furnished to the taxpayers and voted by them were in the following form, viz.:
“Proposition to levy an 8%. mills tax on all property subject to taxation in road district No. 6, of the parish of Sabine, state of Louisiana, for a period of thirty years, and to authorize the issuance of bonds in the sum of seventy thousand dollars ($70,000.00) as good roads bonds to be based thereon.
“The purpose, of the said tax' and bond issue being for the construction and maintenance of good roads in road district No. 6 of the parish of Sabine, state of Louisiana. The construction of the Sabine link of the Jeff.erson Highway passing through' said road district No. 6, being in part the construction in view.

“Valuation of. property, $-.
“Signature of voter,-.
“Notice to voters. — To vote in favor of the proposition' submitted upon this, ballot place *611 an X mark in the square opposite the word ‘Yes.’
“To vote against the proposition submitted upon this ballot, place a similar mark in the square opposite the word ‘No.’ ”
[2] If the proposition to levy the 8% mills tax and the proposition to issue the $70,000 of bonds were to be regarded by the taxpayers as two separate and distinct propositions, either one of which might have been adopted and the other rejected, the manner of submitting the propositions was a .plain violation of the requirement of section 8 of Act 256 of 1910 (page 429) “that when more than one proposition shall be submitted at the same time, they shall be so submitted as to enable one voter to vote on each proposition separately.”
[3] On the other hand,, if the two propositions were, as we believe, to be regarded as one proposition, to incur a debt of $70,000 and fund it into negotiable bonds and to levy a tax not more nor less than 8% mills for 30 years for the purpose of paying the bonds and the interest thereon, the proceeding was in violation of the provision of article 281 of the Constitution, as amended in 1910, which commands that the police jury shall levy — and shall therefore be free to levy, each year while any bonds remain outstanding — a tax sufficient, and only sufficient, to pay the principal and interest falling due each year. In the case of the Police Jury of Jefferson Parish v. Louisiana Petrolithic Construction Oo., 132 La. 758, 61 South. 780, it was held that the proceedings for issuing the bonds and levying the tax were invalid, because the proposition to incur the debt and issue the bonds, as submitted to the taxpayers and adopted by their vote, carried with it a proposition to levy a tax of 5 mills, instead of leaving to the police jury the question of the rate of the tax to be levied each year.
Our conclusion, therefore, is that the decree of the district court in this case is correct.
The judgment appealed from is affirmed.
MONROE, O. J., and PROYOSTY, J., concur in the decree.